Dear Ms. McKee:
You advise this office that the West Monroe Fire and Police Civil Service and its Board are governed by the provisions of La.R.S. 33:2471, et seq., which is the Fire and Police Civil Service Law for Municipalities Between 13,000 and 250,000 in population. You further advise that Act 329 of the 2009 Louisiana Regular Legislative Session enacted La.R.S. 33:2491.4, a statute applicable to the promotional employment lists for the classified police service established and maintained by the West Monroe Fire and Police Civil Service Board.
We would first note that a promotion in the classified service is made from a promotional employment list consisting of those persons who have successfully passed the promotional examination for the position in question. See La.R.S. 33:2491. La.R.S. 33:2491(F) provides that the maximum period for which a person's name may remain on a promotional employment list is 18 months. At the end of 18 months, an individual must again take and pass the promotional examination in order to again be placed on a promotional employment list.
However, with respect to the classified police service in the City of West Monroe, Act 329 extends the period of time that a person remains eligible on a promotional employment list from 18 to 48 months. Your specific question regarding Act 329 is: does Act 329 apply to promotional employment lists in existence prior to the effective date of Act 329, July 6, 2009? An affirmative response to this question would mean the names on promotional employment lists established prior to July 6, 2009 would not expire for 48 months. *Page 2 
Section 1 of Act 329 provides, in part:
 § 2491.4. Promotional employment lists; tests; city of West Monroe; classified police service
 A. Notwithstanding any provision of law to the contrary, the maximum period of time for which a name may remain upon a promotional employment list established and maintained by the municipal fire and police civil service board of the city of West Monroe for any of the various classes of positions in the classified police service shall be forty-eight months.
 ***** D. The provisions of this Section shall apply to any promotional employment list established and maintained by the municipal fire and police civil service board of the city of West Monroe for any of the various classes of positions in the classified police service containing the names of eligible persons on and after the effective date of this Section.
[Emphasis added].
In determining whether the Legislature intended Act 329 to apply retroactively, we note that the legislature is free to give its enactments retroactive effect, subject to constitutional limitations.[1] However, La.R.S. 1:2 makes it incumbent upon the Legislature to specifically express retroactive intent within a statute. La.R.S. 1:2 is entitled "Revised Statutes not retroactive," and provides "no Section of the Revised Statutes is retroactive unless it is expressly so stated."
Of further significance here is La. Civ. Code art. 6, entitled "Retroactivity of laws," which provides "in the absence ofcontrary legislative expression, substantive laws applyprospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary."
The starting point in the interpretation of any statute is the language of the statute itself.[2] If the Legislature expressed in the enactment its intent regarding *Page 3 
retrospective or prospective application, the inquiry is at an end.[3] If the Legislature did not expressly provide for retroactive or prospective application, the enactment must then be classified as substantive, procedural or interpretive.[4]
Our review of Act 329 reflects that the Act does not expressly provide for retroactive application, nor did the Legislature provide for an effective date that would require retroactive application of the Act's provisions. We must then proceed to determine whether Act 329 is a substantive, procedural, or interpretive enactment of the Legislature, in order to determine whether the Act is retroactive, or prospective, or both.
Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. Substantive laws either establish new rules, rights, and duties or change existing ones. Interpretive laws do not create new rules, but merely establish the meaning that the interpretive statute had from the time of its initial enactment. St. Paul Fire Marine Insurance Company v. Smith,609 So.2d 809, 817 (La. 1992).
It is the opinion of this office that Act 329 is a substantive change in the law because a new rule is established: Act 329 increases the period of time for which a person remains upon a promotional employment list. Under Act 329, a person remains eligible for appointment to a classified position in the police service in the City of West Monroe for 48 months, a substantial increase from the original 18 months afforded by La.R.S. 33:2491(F).
It is the opinion of this office that Act 329 is a substantive enactment which applies prospectively under La. Civ. Code art. 6 and La.R.S. 1:2. We further advise that Act 329 does not apply to those promotional employment lists in existence prior to July 6, 2009; rather, Act 329 applies to classified police *Page 4 
employees' promotional employment lists established by the Board on and after July 6, 2009, the effective date of Act 329.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL BY: __________________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
Honorable Frank A. Hoffman Louisiana State Representative 204 N. 3rd Street, Suite A West Monroe, LA 71291
Ms. Melinda B. Livingston, State Examiner Office of Municipal Fire and Police Civil Service
8550 United Plaza Blvd., Suite 901 Baton Rouge, LA 70809
[1] La.Const. art. I, § 23 prohibits ex post facto laws and laws impairing the obligations of contracts. No law can be retroactively applied so as to divest a party of a vested right, as this would violate the due process clause of the state and federal constitutions. These constitutional concerns arise only when retroactive effect is given to a new law. St. PaulFire Marine Insurance Company v. Smith,609 So.2d 809, 816 n. 11 (La. 1992).
[2] State v. Johnson, 03-2993 (La. 10/19/04)884 So.2d 568, 575.
[3] Reichert v. State, Dept. of Transp. Dev., 96-1419 (La. 5/20/97), 694 So.2d 193, 199, holding that "[i]nitially, a court must defer to legislative intent when determining whether a statute should be applied prospectively or retroactively."; Stelly v. Overhead Door Co. of Baton Rouge, 94-0569 (La. 12/8/94), 646 So.2d 905, 911, holding that "[w]hen determining whether a statute should apply retrospectively, courts are initially required to ascertain the legislature's intent regarding the retrospective or prospective application of the statute."
[4] The Louisiana Supreme Court has interpreted the provisions of La. Civ. Code art. 6 and La.R.S. 1:2 to require a two-part inquiry: "first, we must ascertain whether the Legislature expressed in the enactment its intent regarding retrospective or prospective application. If the Legislature did so, our inquiry is at an end. If the Legislature did not, we must classify the enactment as substantive, procedural or interpretive." Cole v.Celotex Corp., 599 So.2d 1058, 1063 (La. 1992); St. PaulFire Marine, 609 So.2d at 816.